**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700

**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197
*Attorneys for Plaintiff*,
Monica L. Hartsock

# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA L. HARTSOCK,<br><br>Plaintiff,<br><br>v.<br><br>**DISCOVER BANK, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, AND TRANS UNION, LLC,**<br><br>Defendants. | Case No.: 5:22-cv-00256<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND**<br><br>2.) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ.**<br><br>3.) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a bank and three credit bureaus who didn't care enough to read a consumer's dispute letter and just continued to falsely publish things on her credit report that were so obviously untrue.

2. **MONICA L. HARTSOCK** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, attorney fees, and costs, against **DISCOVER BANK, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, AND TRANS UNION, LLC** for violations of the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq., (hereinafter "FCRA"), and for violations of Cal. Civ. Code §§ 1785 et seq. (hereinafter "CCRAA"), and Cal. Civ. Code §§ 1788 et seq. (hereinafter "RFDCPA").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

7. The FCRA was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the

consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …" 15 U.S.C. § 1681(b); *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 2205 (2007). The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1]  The FCRA also imposes duties on the sources that provide credit information to consumer reporting agencies, who are called "furnishers."

8.  The CCRAA, the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[2] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

9.  Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected

---

[1] 15 U.S.C. § 1681(a)(4).
[2] Cal Civ. Code § 1785.1(d).

**COMPLAINT FOR DAMAGES**                                                                  **PAGE 2 OF 18**

to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

### RFDCPA

10. When enacting the RFDCPA, the California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

11. The RFDCPA is a strict liability statute. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

12. To further protect consumers, claims under the RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

///

///

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

14. This action arises out of Defendants' violations of the Fair Credit Reporting Act, the CCRAA, and the RFDCPA.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

16. Plaintiff is natural person who resides in San Bernardino County, California. Plaintiff is "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b). Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. Defendant Discover Bank (hereinafter "Discover") is a Delaware corporation operating from an address of 502 E. Market St., Greenwood, DE 19950, is a "person" as defined by 15 U.S.C. § 1681a(b), and is a "Debt Collector" as that term is defined Cal. Civ. Code § 1788.2(c).

18. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation operating from an address of 475 Anton Blvd., Costa Mesa, CA 92626, and is a "person" as defined by 15 U.S.C. § 1681a(b).

19. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia corporation operating from an address of 1550 Peachtree Street NW, Atlanta, GA 30309, and is a "person" as defined by 15 U.S.C. § 1681a(b).

20. Defendant Trans Union, LLC (hereinafter "Trans Union") is a Delaware corporation operating from an address of 555 West Adams St., Chicago, IL 60661, and is a "person" as defined by 15 U.S.C. § 1681a(b).

21. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

22. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

23. Defendants Experian, Equifax, and Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Consumer Reporting Agencies" or "CRAs").

24. Defendant Discover is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

25. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned the named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of its authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

26. Plaintiff is an individual residing in San Bernardino County, California.

///

27. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in California.

28. Plaintiff has a credit card account with Defendant Discover which she used primarily for personal, family, or household purposes.

29. On March 23, 2021, Defendant Discover sent Plaintiff a letter confirming that Plaintiff's account was enrolled in a "Temporary Hardship program" for twelve months whereby Plaintiff's interest rate was lowered, she would incur no late fees, and her minimum monthly payment was lowered to $237.

30. As a condition of the Temporary Hardship program, Defendant required Plaintiff to enroll in automatic Electronic Funds Transfer directly from her bank account, a condition with which Plaintiff complied.

31. Subsequent to the letter of March 23, 2021, Plaintiff paid the minimum monthly payment each month in full and on time.

32. Nonetheless, Defendant Discover reported to the CRA's that Plaintiff was late in paying each month.

33. The CRA's then reported this false information to anyone who requested Plaintiff's credit report.

34. Defendant Discover also dunned Plaintiff for $996 as the "minimum payment due" on at least three occasions, when that was not in fact true.

35. On August 12, 2021, Plaintiff wrote to each of the Defendants and explained that the reporting of her credit information was inaccurate because her account was enrolled in the Temporary Hardship program. In these letters, Plaintiff identified herself by name, address, date of birth, and her full Social Security Number. She included a copy of Defendant Discover's letter of March 23, 2021 in her dispute letters as proof and she told them, accurately, that she had made all required payments on time. Plaintiff's dispute letters told Defendants that the false credit reporting was damaging her credit and urged them to correct it.

36. Plaintiff's credit reports were never corrected.

37. Plaintiff made multiple requests for reinvestigation with the CRA's, including Defendants Experian, Equifax, and Trans Union to dispute the erroneous credit reporting by Defendant Discover.

38. Upon information and belief, the CRA's forwarded Plaintiff's disputes to Defendant Discover.

39. Within the five years previous to the filing of this Complaint, Defendants Experian, Equifax, and Trans Union prepared and distributed one or more consumer reports, as that term is defined by Section 1681a(d) of the FCRA, pertaining to Plaintiff that contained misleading or inaccurate information related to Plaintiff's account held by Defendant Discover.

40. Defendants Experian, Equifax, and Trans Union failed to maintain reasonable procedures to prevent Plaintiff's credit information and/or credit files from including inaccurate information related to Plaintiff's account held by Defendant Discover.

41. Defendants Experian, Equifax, and Trans Union know that Defendant Discover often fails to report credit information accurately and often fails to investigate consumer disputes.

42. Defendants Experian, Equifax, and Trans Union have been sued by consumers and have suffered judgments as a result of Defendant Discover's failure to report credit information accurately and failure to investigate consumer disputes.

43. Defendant Discover knows that it often fails to report credit information accurately and often fails to investigate consumer disputes.

44. Defendant Discover has been sued by consumers and suffered judgments as a result of its failures to report credit information accurately and failure to investigate consumer disputes.

45. Within the last five years, Plaintiff has requested a copy of her credit files from Defendants Experian, Equifax, and Trans Union and, upon information and

belief, has not received all of Defendants' credit files or all of the information contained in those credit files.

46. Defendants Experian, Equifax, and Trans Union have willfully failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file and consumer reports.

47. Upon information and belief, Defendant Discover published credit information to the CRAs relating to Plaintiff's account without also including a notation that the inaccurate status of the debt was disputed.

48. Upon information and belief, Defendant Discover did not conduct a reasonable investigation under the FCRA after receiving disputes from the CRAs relating to Plaintiff's account.

49. Other than sending the disputes to Defendant Discover, Defendants Experian, Equifax, and Trans Union did nothing to investigate whether or not they were reporting Plaintiff's consumer credit information accurately.

## ACTUAL DAMAGES

50. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

51. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking

system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681E(B)

### [AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION]

52. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Defendants Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files.

54. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

55. Defendants' conduct was willful, rendering Experian, Equifax, and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Experian, Equifax, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

56. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian, Equifax, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681I(A)(1)
### [AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION]

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681i(a)(l) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and by recording the current status of the disputed information or deleting the item from the Plaintiff's credit files.

59. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

60. Defendants' conduct was willful, rendering Experian, Equifax, and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Experian, Equifax, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

///

///

61. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian, Equifax, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and § 1681o.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(2)(A)

### [AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION]

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681i(a)(2)(A) on multiple occasions by failing to provide Discover with all the relevant information regarding Plaintiff's disputes.

64. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

65. Defendants' conduct was willful, rendering Experian, Equifax, and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Experian, Equifax, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

66. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian, Equifax, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

///
///
///
///
///

## COUNT IV

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681i(a)(4)

### [AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION]

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

69. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

70. Defendants' conduct was willful, rendering Experian, Equifax, and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Experian, Equifax, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

71. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian, Equifax, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT V

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681i(a)(5)(A)

### [AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION]

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

of information from Plaintiff's credit files or modify the items of information upon an accurate reinvestigation.

74. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

75. Defendants' conduct was willful, rendering Experian, Equifax, and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Experian, Equifax, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

76. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian, Equifax, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT VI
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681I(A)(5)(C)
## [AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION]

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit files.

79. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

80. Defendants' conduct was willful, rendering Experian, Equifax, and Trans Union liable for punitive damages in an amount to be determined by the Court

pursuant to 15 U.S.C. § 1681n. In the alternative Experian, Equifax, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

81. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian, Equifax, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT VII

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681s-2(b)(1)(A)

## [AGAINST DEFENDANT DISCOVER]

82. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

83. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Discover violated 15 U.S.C. § 1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

84. Discover understood the nature of Plaintiff's disputes when it received an ACDV from Experian, Equifax, and Trans Union.

85. As a result of the conduct, actions and inactions of Discover Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

86. The conduct, actions and inactions by Discover were willful, rendering Discover liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Discover were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

87. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

///

# COUNT VIII

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681s-2(b)(1)(B)

### [AGAINST DEFENDANT DISCOVER]

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Discover violated 15 U.S.C. § 1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

90. As a result of the conduct, actions and inactions of Discover Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

91. The conduct, actions and inactions by Discover were willful, rendering Discover liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Discover were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

92. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

# COUNT IX

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681s-2(b)(1)(C) AND (D)

### [AGAINST DEFENDANT DISCOVER]

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

94. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Discover violated 15 U.S.C. § 1681s-2(b)(l)(C) and (D) by publishing the Discover reporting to Plaintiff's credit files with Experian, Equifax, and Trans Union without also including a notation that the inaccurate status of the debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

95. As a result of the conduct, actions and inactions of Discover Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

96. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Discover intended their employees or agents to follow.

97. The conduct, actions and inactions by Discover were willful, rendering Discover liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Discover were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

98. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT X

### VIOLATION OF THE CCRAA

### CAL CIV § 1785.25(A)

### [AGAINST DEFENDANT DISCOVER]

99. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Discover violated Cal. Civ. Code §

1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

101. As a result of the conduct, actions and inactions of Discover Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

102. The conduct, actions and inactions by Discover were willful, rendering Discover liable for punitive damages in an amount of up to $5,000 for <u>each</u> violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative Discover were negligent entitling the Plaintiff to recover under Cal. Civ. Code § 1731(a)(1).

103. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Discover in an amount to be determined by the Court pursuant to Cal. Civ. Code §1731(a)(1).

## COUNT XI
### VIOLATION OF § 1788.17 OF THE RFDCPA
### [AGAINST DEFENDANT DISCOVER]

104. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

105. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

106. Defendant Discover violated § 1788.17 of the RFDCPA when it willfully engaged in conduct, to wit: dunning Plaintiff for an inflated "minimum amount due." the natural consequence of which the violation of 15 U.S.C. § 1692e.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

e) Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1731(a)(1); and § 1788.30

f) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

g) An order directing that each Defendant sends Plaintiff's updated and corrected credit report information to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years; and

h) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED

107. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

THE CARDOZA LAW CORPORATION

DATED: February 9, 2022

BY: /s/ Michael F. Cardoza
Michael F. Cardoza, Esq.
Lauren B. Veggian, Esq.
Attorneys for Plaintiff,
Monica L. Hartsock

# ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.