UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA L. HARTSOCK,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DISCOVER BANK, TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INC.,<br><br>　　　　　　　　　Defendants. | Case No. 5:22-cv-00256-SSS-KKx<br><br>**ORDER DENYING MOTION TO STAY CASE PENDING ARBITRATION BETWEEN PLAINTIFF AND DISCOVER BANK [Dkt. 38]** |

Before the Court is a Joint Motion to Stay Pending Arbitration filed by Defendants Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian") and Equifax Inc. ("Equifax") (collectively, "Credit Reporting Agency [CRA] Defendants," or "Defendants").

Plaintiff filed her Complaint on February 9, 2022. [Dkt. 1]. She alleged numerous violations of the Fair Credit Reporting Act (FCRA) by her credit card company (Discovery Bank, or "Discover") and by the CRA Defendants.

On April 7, 2022, Plaintiff and Discover filed a Stipulation to Arbitrate and Stay Plaintiff's Claims. [Dkt. 27]. On April 11, 2022, the Court entered an Order granting the parties' stipulation, dismissing from this case only Plaintiff's claims as to Discover. [Dkt. 28]. The surviving Causes of Action pertain only to the CRA Defendants.

In the instant Motion, the CRA Defendants seek to stay the entire case, including discovery and all remaining scheduling order deadlines, pending the resolution of arbitration between Plaintiff and Discover.

The Motion is fully briefed. [Dkt. 38, 44, 45]. The Court finds this matter appropriate for resolution without a hearing, and hereby VACATES the hearing previously set for September 30, 2022. *See* Fed. R. Civ. P. 78; L.R. 7 15.

For the reasons set forth below, the Court DENIES Defendants' Motion without prejudice.

## **LEGAL STANDARD**

A federal court has broad discretion to stay a case pending before it in the interests of judicial economy and the orderly and efficient management of litigation. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

However, even where a court determines that a stay would likely conserve judicial resources and promote efficiency, it must also weigh the

"possible damage which may result from the granting of a stay" against "the hardship or inequity which a party may suffer in being required to go forward." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *see also Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (observing that if "there is even a fair possibility that the stay ... will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity.").

A court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) (collecting cases). However, where that "independent proceeding" involves different parties than those involved in the litigation to be stayed, courts frequently conclude that the most appropriate course is to deny the stay and proceed as scheduled. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Noriega v. Citibank,* No. 21-08154, 2022 WL 2167454 (C.D. Cal. April 4, 2022) (citing *Landis*, 299 U.S. at 255).

## DISCUSSION

Plaintiff is an individual who had, at all times relevant to this action, a credit card account with Discover. Plaintiff alleges that Discover inaccurately reported to the CRA Defendants that she had made late and incomplete credit card payments, that CRA Defendants reported this allegedly inaccurate information on Plaintiff's publicly available credit report, and that her credit reports were not corrected despite multiple requests to Discover and the CRA Defendants that they investigate and address these errors. [Dkt. 1 at ¶ 28-49].

Plaintiff's original Complaint included claims under the FCRA against both Discover and the CRA Defendants and under several California consumer protection statutes against Discover only. Following the Court's Order granting Discover's Joint Stipulation to Arbitrate, only Plaintiff's claims against the CRA Defendants remain. All Six Causes of Action concern CRA Defendants' alleged failures to reinvestigate reported inaccuracies in and to correct Plaintiff's credit report in violation of 15 U.S.C. §1681e(b) ("Section 1681e(b)") and 15 U.S.C. §1681i(a)(4) ("Section 1681i").

## II. DISCUSSION

First, Defendants argue that a stay would be in the interest of judicial efficiency. They assert that the arbitration proceedings will necessarily resolve the question of whether the information Discover provided the CRA Defendants was erroneous, and that Plaintiff must demonstrate that Discover reported inaccurately to CRA Defendants in order to prevail on her claims against them. [Dkt. 38 at 7, 8]. They urge this Court to grant a stay to avoid the "duplication in effort" that would arise were the "arbitrator and the District Court…required to in a substantially parallel process to answer the exact same question: whether Discover's reporting [was] in fact accurate." [*Id.* at 8].

Defendants are correct that Plaintiff will need to demonstrate that Discover provided inaccurate information to the CRA Defendants to prevail on her claims either in arbitration or in this litigation. *Neufeld v. Cap. Bank N.A.*, No. 18-01012, LEXIS 76329 at *3 (E.D. Cal. May 6, 2019).[1] However, they

---

[1] Plaintiff's Causes of Action against the CRA Defendants arise under two separate provisions of the FCRA: Section 1681e(b), and Section 1681i. Although neither provision requires "on its face…that an actual inaccuracy [in a plaintiff's credit reports] exist for plaintiff to state a claim," the Ninth Circuit

have not demonstrated that this overlap means that their proposed stay is likely to streamline the proceedings.

First, the CRA Defendants' argument presumes that the arbitrator's determination of this question would have issue preclusive or otherwise binding effect upon the parties in this case. But questions of whether res judicata and related doctrines apply are highly fact-specific, and Defendants provide no reasoned explanation as to why they believe the arbitration proceedings would exert such an impact on this litigation. [*Id.* at 7]; *see Neufeld,* No. 18-01012 at *3 (conceding that "it is possible that the arbitration findings would have issue-preclusive effect on [the instant] litigation as to the accuracy of the information [Plaintiff's bank] furnished to Defendants," but denying CRA Defendants' proposed stay because they had made "no legal showing to support the applicability of issue-preclusion under such circumstances.").

Even assuming that the arbitrator's conclusion as to the accuracy of Discover's reports would apply to these proceedings, it still does not follow that staying Plaintiff's case in full until the complete resolution of arbitration would be appropriate. After all, the accuracy of the information furnished is "only one necessary element in Plaintiff's FCRA claims" against either the CRA Defendants or Discover. *Noriega v. Citibank,* No. 21-08154 2022 WL 2167454 at *2 (C.D. Cal. April 4, 2022). To prevail against the CRA Defendants, Plaintiff will also need to demonstrate that they "failed to follow proper procedures for verifying the information [furnished] or failed to properly re-investigate." *Neufeld*, No. 18-01012 at *3. Similarly, in arbitration, Plaintiff

---

has "imposed such a requirement." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010), citing *Dennis v. BEH-1*, 520 F.3d 1066, 1069 (9th Cir. 2008) (as to Section 1681i); *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (as to Section 1681e(b)).

will not only have to demonstrate inaccurate reporting but also establish certain deficiencies in Discover's internal procedures, errors in its handling of her specific disputes, and additional elements of her state law claims. [*See* Dkt. 1 at ¶ 82-106]. Given the many additional issues the parties will need to address, arbitration may well continue for some time after the limited issues common to Plaintiff's separate disputes with Discover and with the CRA Defendants have been resolved. And any gains in efficiency from this delay would be speculative at best. If the arbitrator issues a determination accepted by this Court as binding that Discover reported accurately, there might be some benefits to having stayed the case: Defendants would likely be entitled to summary judgment and all parties would be spared the efforts they otherwise would have expended during the arbitration proceedings. [Dkt. 38 at 7].

But if the arbitrator finds that Discover indeed reported inaccurately, the Court will have been spared only the effort of resolving only that single question. And in the meantime, Plaintiff will have been forced to postpone most or all discovery[2] on the other significant elements of her claims against the credit reporting agencies for the entire duration of arbitration.

Defendants offer only one case from within the Ninth Circuit granting a stay under analogous circumstances. There, the District of Oregon's cursory explanation of its decision in that seventeen-year-old case is wholly unpersuasive in light of the equally analogous, more recent, and more thoroughly reasoned decisions by this District and the Eastern District of California. [Dkt. 38 at 7]; *compare Karmolinski v. Equifax Information Services, LLC*, No. 04-1448, 2005 WL 7213289 at *5 (D. Or. Oct. 31, 2005)

---

[2] The Parties' Joint Case Management Statement, filed July 11, 2022, indicates that discovery had at that time only just begun. [Dkt. 37 at 7].

with *Noriega,* No. 21-08154; *Neufeld,* No. 18-01012; and *Chen v. Bank of Am., N.A.*, No. 19-06941, 2020 WL 4561658 (C.D. Cal. Mar. 31, 2020).

The Court also finds that Plaintiff has established that she faces a "fair possibility" of harm from the stay, and Defendants have neither rebutted her contentions nor demonstrated hardships of their own outweighing Plaintiff's. Plaintiff asserts that CRA Defendants' stay would consign her case to "sit[ting[ idle… for an indefinite and unknown period of time." [Dkt. 44 at 15]. Undue delay is undoubtedly a form of harm for a court to consider and acquires still greater significance in a case like this one where Plaintiff's alleged injuries are apparently ongoing and unaddressed. [Dkt. 1 at ¶ 26-49].

The CRA Defendants attempt to minimize the potential prejudice to Plaintiff by characterizing their proposed stay as "brief," "limited," and "within the bounds of moderation," [Dkt. 38 at 10-11]. But they do not provide any estimated time frame, or even any reason to believe that arbitration likely to reach a speedy and efficient conclusion. As of July 27, 2022, an arbitrator had been appointed but no dates had been set [Dkt. 40], and nothing in the briefing suggests any progress since.

Defendants further identify two forms of prejudice they would face absent a stay. First, they argue that if the arbitrator and this Court were allowed to proceed simultaneously and then reach opposite conclusions regarding the accuracy of Discover's reporting, they would be subject to inconsistent legal obligations. [Dkt. 36 at 8, 9]. But as already noted, the CRA Defendants are not parties to the arbitration and have not established that they would be otherwise bound by its conclusions.

Second, they argue that they would be prejudiced if they "have to litigate the accuracy of the Discovery Account…before the [a]rbitration concludes" because Discover and Plaintiff are better positioned than are the credit reporting agencies to "determine the accuracy of the… account." [Dkt. 38 at 10]. But

this assertion about superior access only supports Defendants' claim of prejudice if the Court assumes that information produced in arbitration will be admissible as evidence in this litigation, and that it cannot be acquired through other means such as discovery from Plaintiff herself.  Defendants have offered no basis on which to make either of these assumptions.

## CONCLUSION

Weighing the highly contingent potential benefits of the stay, its obvious potential for injury to Plaintiff, and the nature of Defendants' purported harms should the case proceed, the Court declines to exercise its discretion to stay these proceedings pending the resolution of arbitration between Discover and Plaintiff.  The Motion is hereby **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: September 29, 2022

SUNSHINE S. SYKES
United States District Judge